BORDEN & RILEY PAPER CO. (INC.) *v.* UNITED STATES (NO. 2687)[1]

CONSTRUCTION—CHANGE OF LANGUAGE—PAPERS, COATED, UNCOATED, DECORATED—DECORATED COATED PAPER.

Paragraph 411, tariff act of 1909, provided for paper: (a) Coated and not specially provided for; (b) "wholly or partly covered with metal or its solutions (except as hereinafter provided) or with gelatin or flock or if embossed, or printed;" and (c) "including wrapping paper," if decorated but not lithographically. The Board of United States General Appraisers held the third provision to cover only uncoated papers. The act of 1913 provided for papers: (a) Wholly or partly covered with certain named substances; (b) white-coated; (c) coated, suitable for covering boxes, not specially provided for, whether embossed or printed but not lithographically; (d) coated and not specially provided for; and (e) uncoated, if gummed, or decorated otherwise than lithographically. Paragraph 1305 of the act of 1922 provides for papers: (a) coated and not specially provided for; (b) (1) Coated, if embossed or printed otherwise than lithographically, (2) "wholly or partly covered with metal or its solutions (except as herein provided), or with gelatin, linseed oil cement, or flock;" and (c) "including wrapping paper," if decorated in certain specified ways, with additional duty "if embossed or printed otherwise than lithographically, or wholly or partly covered with metal or its solutions, or with gelatin or flock." The addition, in the act of 1913, of the word "uncoated" to the provision of the 1909 act for decorated paper (subdivisions (c) and (e) respectively) was a congressional approval of the board's holding. But the

---

[1] T. D. 41645.

.omission, in the 1922 act, of the word "uncoated" from the provision for ·decorated paper (subdivision (c)) was a withdrawal of that approval. So that this provision covers both coated and uncoated paper. Paper with one surface coated and mottled to imitate green marble, is dutiable under (c) and not under (a).

## United States Court of Customs Appeals, May 8, 1926

.APPEAL from Board of United States General Appraisers, G. A. 9027, T. D. 41034

[Reversed.]

*Allan R. Brown* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Ralph .Folks,* special attorneys, of counsel), for the United States.

[Oral argument April 1, 1926, by Mr. Brown and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Paragraph 1305 of the Tariff Act of 1922 contains the following provisions in the order herein below set forth:

(a) Papers with coated surface or surfaces, not specially provided for, 5 cents per pound and 15 per centum ad valorem;

(b) Papers with coated surface or surfaces, embossed or printed otherwise than lithographically, and papers wholly or partly covered with metal or its solutions (except as herein provided), or with gelatin, linseed oil cement, or flock, 5 cents per pound and 15 per centum ad valorem;

(c) Papers, including wrapping paper, with surface or surfaces wholly or partly ·decorated or covered with a design, fancy effect, pattern, or character, except ·designs, fancy effects, patterns, or characters produced on a paper machine with- ·out attachments, or produced by lithographic process, 4½ cents per pound, and in addition thereto, if embossed, or printed otherwise than lithographically, or wholly or partly covered with metal or its solutions, or with gelatin or flock, 17 per centum ad valorem; * * *

This appeal by importer raises the single question as to whether paper with one coated surface which is wholly or partly decorated or covered with a design, fancy effect, or pattern is dutiable under subdivision (a) or (c) of paragraph 1305 as quoted. It was classified and assessed under (a) by the collector. His action was sustained by the Board of General Appraisers, from which importer appealed, claiming classification under (c).

The paper in question is not within the exceptions named in subdivision (c). One surface is plain and uncoated; the other is in imitation of a dark green marble, showing a mottled effect.

The Board of General Appraisers in its opinion relied upon the authority of its decision in G. A. 7131, T. D. 31101, in which, construing similar language in paragraph 411 of the tariff act of 1909, it was said:

* * * If the surface of a paper is covered by substance, it is then a coated paper; and if the surface coating or other subsequent operation gives to the paper

a surface design or fancy effect, it is not by reason of that design, pattern, or fancy effect relegated to the provision which embraces and contemplates only "uncoated" papers.

For convenience we insert here the relevant parts of that paragraph:

(a) Papers with coated surface or surfaces, not specially provided for.
(b) If wholly or partly covered with metal or its solutions (except as hereinafter provided) or with gelatin or flock, or if embossed, or printed. * * *
(c) Papers, including wrapping paper, with the surface decorated or covered with a design, fancy effect, pattern or character, whether produced in the pulp or otherwise, but not by lithographic process. * * *

The paper under consideration in that case was evidently very similar to that in the case at bar and, as it was excluded from classification under the last quoted part of paragraph 411, it is necessary, in order to grasp the import and effect of the view adopted by the board, to consider paragraph 324 of the tariff act of 1913 which is *in pari materia* with the provision construed by the board and with the one here under consideration.

Subdivided in similar manner as the others, said paragraph is as follows:

(a) Papers wholly or partly covered with metal leaf, or with gelatin or flock.
(b) Papers with white-coated surface or surfaces, etc.
(c) Papers with coated surface or surfaces suitable for covering boxes, not specially provided for, whether embossed or printed except by lithographic process.
(d) All other paper with coated surface or surfaces not specially provided for.
(e) Uncoated papers, gummed, or with the surface or surfaces wholly or partly decorated or covered with a design, fancy effect, pattern or character, whether produced in the pulp or otherwise except by lithographic process. * * *

It thus appears that in the act of 1913 Congress inserted the word "uncoated" before the word "papers," struck out the term "wrapping paper" and made three separate provisions for coated paper, subdivisions (b), (c), and (d) last above set forth, (d) being a residuary coated paper provision. This adoption of the use of "uncoated" suggests a then congressional intent to approve the interpretation by the board of the preceding statute.

But paragraph 1305 of the act of 1922 is radically different from paragraph 324 of the act of 1913. The word "uncoated" has been stricken out where the board was of opinion it really belonged, the provision for wrapping paper restored, and the provisions for surface-coated papers changed in various respects.

The importer relies much upon the omission of the word "uncoated," predicating thereon the argument that this legislative history requires the conclusion that subdivision (c) of paragraph 1305 is not limited to uncoated paper and that the paper here is, therefore, more specifically described in that subdivision than in subdivision (a) under which it was assessed.

The Government relies largely upon the Treasury decision above mentioned.   It also argues, that as the paper is coated, it was properly classified, urging that Congress could not have intended to place a lower rate of duty upon a paper that was *coated and decorated* than upon one which was only *coated*.   This latter argument is not impressive, because similar results often happen in the administration of tariff statutes, and in addition it will be noted that subdivision (c) provides that some papers within its provisions are liable to a higher ad valorem rate than under the two preceding subdivisions of the paragraph.

It is our duty, if possible, to ascertain the meaning of paragraph 1305 from its language which may be interpreted in the light of its history.   The first provision of the paragraph covers coated papers not specially provided for; the second contains words of limitation, while the third provision is not so limited but, in terms, applies to papers within the class or classes therein described, whether coated or not.   The omission of the word "uncoated" found in paragraph 324 of the act of 1913 is significant.   Congress could not have been ignorant of its presence there and would naturally have retained it if it expressed its intent.   The significance of its omission is emphasized by the fact that it was first deliberately adopted following the board's decision and then, with equal deliberation, dropped.

We are unable to believe that this treatment of the paragraph by Congress indicates its intention to continue its approval or adoption of the interpretation first given to similar language by the board but think it clearly indicates a contrary intent.

Speaking of a somewhat similar change we said in *United States v. Post Fish Co.*, 13 Ct. Cust. Appls. 155, T. D. 41022:

This change of language must be given effect if possible.   To hold it meaningless is to ascribe to Congress the doing of an idle and useless thing, and this we may not do.

We are of opinion that the provision for papers with surfaces wholly or partly *decorated* or *covered* with a design, fancy effect, pattern or character, in view of the other limitations imposed in subdivision (c) of paragraph 1305, covers and more specifically describes the paper now under consideration than does the provision for papers with coated surfaces in subdivision (a) because the paper here not only contains a coated surface but that surface is decorated precisely as the statute contemplates.

The judgment of the Board of General Appraisers is *reversed*.

HATFIELD, J., concurs in the conclusion.